# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES ALFRED SMITH, JR.,**
        Petitioner,

v.                                                                                           Case No. 14-CV-00036

**DAVID A. CLARKE, JR.,**
        Respondent.

## DECISION AND ORDER

Pro se petitioner James Smith, Jr., incarcerated at the Milwaukee County Jail, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. On March 24, 2014, I dismissed the petition under Fed. R. Civ. P. 41(b) for lack of prosecution because petitioner had failed to pay the filing fee. Petitioner has filed a notice of appeal from that order of dismissal, and he moves for leave to proceed in forma pauperis on appeal. Petitioner seeks to proceed in forma pauperis on appeal in order to avoid paying the appellate filing fee of $455. Petitioner was not in forma pauperis at the district court level because I found that he had the resources to pay the $5 filing fee in this court.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous,

Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any non-frivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

Petitioner's notice of appeal does not offer any explanation for why he did not pay the fee. Instead, he argues that I should not have dismissed the petition because he would have prevailed on the merits. Since petitioner has not offered any reason for reversing my earlier ruling, I find that no reasonable person could suppose petitioner's appeal to have any merit. Thus, pursuant to 28 U.S.C. §1915(a)(3) I certify that the appeal is not taken in good faith and determine that petitioner is not entitled to proceed in forma pauperis on appeal.

By filing the notice of appeal, petitioner incurred the appellate filing fee. Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000, and Lee, 209 F.3d at 1026–27. The fact that I am denying the request to proceed in forma pauperis on appeal means that the full filing fee of $505 is due within 14 days of this order. Seventh Circuit Rule 3(b). Failure to pay in full within the time limit may result in dismissal. Id.

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I must also decide whether to issue a certificate of appealability ("COA"). In order to obtain a COA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find that petitioner has not made the required showing.

**THEREFORE, IT IS ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket #13) is **DENIED**. The full filing fee of $505 is due within fourteen days of this order.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge